The opinion of the court was delivered by
Nicholls, O. J.
The law governing the case is simple, and the attention and efforts of counsel of the different parties have been principally directed to the facts.
Viterbo & Bros., the defendants, were largely engaged in the rice business — partly as planters, partly as purchasers, and partly in connection with the house of John A. Hubbard, a large rice dealer in the city of New Orleans. Their relations with Hubbard were such that financial ruin to him meant ruin to them. Their close intercourse with this firm brought them to a knowledge in advance of the general public that it was on the eve of failure, and they at at once set to work to prepare themselves against the coming storm. They accordingly, by a series of transactions closely following each other in date, and just prior to the announced failure of Hubbard *1315 which followed, transferred all their property to different parties under acts purporting to be acts of sale. The transferees were all intimate friends of, and one of them a connection, by marriage, with the vendors. Gassin had been the overseer of the Viterbos for several years, and Reeves was the father-in-law of one of the partners. Both of these vendees claim to have been utterly ignorant and unsuspicious of any good reason why the defendants, who, according to the theory of the cases of the two intervenors, were in well-to-do, prosperous circumstances, should so suddenly and in the course of so short a time dispose of paying investments and valuable properties; and both seem to have come to terms of sale with a celerity not usual to men with the small means, which the testimony indicates them to have had, and with a confidence as to the precise objects bought existing at the moment of the sales, and the value of the same, rarely found in ordinary business transactions.
In the brief of the intervenors it is said, “While it is clear that Viterbo &Bros. were perpetrating a legal fraud upon their creditors, still their intent, purpose, motive, and the fraudulent act are not binding upon either Gassin or Reeves, unless they were cognizant of or parties to it.” We think the evidence in the case brings it, as against Gassia and Reeves, within this stated requirement. We are satisfied those parties were aware of what the defendants were attempting to do, and gave them their aid and assistance to effect that purpose. We are of the opinion that the two acts of sale are pure simulations.
Leon Viterbo announced to one of the witnesses several days before the acts were passed that he intended to do precisely what was done afterward, naming to him the very parties, but expressing some want of confidence as to whether Reeves was reliable and could be trusted.
The connection of Gassin with the pretended sale of the rice to him by Viterbo & Bros., which was disposed of by Ernst & Co., and his ignorance of what transpired subsequently to his pretended purchases, with respect to the things purchased, unmistakably show the want of reality in this whole transaction with him, and his thorough knowlege of the whole situation of the parties. We think it would serve no good purpose to go into details of testimony to show upon what our conclusions in this case rest. The relations of the parties to each other; the small means of the purchasers relatively to the *1316 value of the things purchased; the suddenness of the proposition to sell and the celerity with which terms were fixed and sales made; the continued active interest by the vendors in the affairs of the vendees after the sales, and the correspondence of after occurring events with prior announced facts, are salient features of the case. We may say, also, that we are satisfied that Reeves was perfectly well informed as to the pretended sale made to Gassin simultaneously with that made to himself, and that it is impossible for him to have been in good faith in the premises, and we have no idea he would have been willing to have really risked a dollar of his own under the circumstances.
The jury drew a correct conclusion in respect to the purported sale to Gassin, but it erred in sustaining the sale to Reeves. We do not see on what ground they drew a distinction between the two cases.
Por the reasons herein assigned it is hereby ordered, adjudged and decreed that the verdict of the jury, in so far as it was in favor of the intervenor, W. D. Reeves, be and the same is hereby set aside, as is that portion of the judgment based thereon, and it is now ordered that the demand in intervention of W. D. Reeves be and the same is hereby dismissed and rejected at his costs.
It is further ordered, adjudged and decreed that the judgment of the lower court dissolving the attachment sued on and executed against the property claimed by W. D. Reeves in the said intervention be and the same is hereby annulled, avoided and reversed, and the said attachment reinstated upon said property, and the said property be sold in due course of law to satisfy the judgment.
It is further'ordered that the judgment appealed from be otherwise affirmed, costs of appeal to be borne by W. D. Reeves and U. R. Gassin.